## THE STAR WAGON CO. V. MAURER ET AL.

FRAUDULENT CONVEYANCE: EVIDENCE CONSIDERED.

*Appeal from Cedar Circuit Court.*

THURSDAY, APRIL 22.

THE plaintiff brings this action as a judgment creditor of the defendant J. G. Maurer, to set aside a conveyance of real estate alleged to have been fraudulently made by J. G. Maurer to the defendant William Maurer. There was a decree for the plaintiff. The defendants appeal.

*Piatt & Carr*, for appellants.

*Hubbard & Clark*, for appellee.

ADAMS, CH. J.—In March, 1871, the judgment debtor, J. G. Maurer, was the owner of a farm in Cedar County, consisting of one hundred and eighty-four acres, upon which he was residing with his family. About the 18th day of that month (the precise date does not appear) he conveyed to his son, the defendant William Maurer, one hundred and forty-four acres of the land, together with all his personal property exempt from execution, for the alleged consideration of $2,871.00. The forty acres not conveyed constituted his homestead. Since the conveyance, according to his testimony, he has had no property which could be reached by execution. At the time of the conveyance he was largely indebted, not only to the plaintiff but to others. His son to whom the conveyance was made was a member of his family, was unmarried, and only twenty-one years and four months old. They continued to live together as before; the income of the farm being applied in the support of the family and the payment of debts. William in his testimony says: "We have made no effort to separate our deal." Shortly after the conveyance William gave his father a power of attorney to enable him to control the business of the farm. As a reason for giving the power of attorney, he states in his testimony that, "sometimes a young man does not stay at home as he ought." J. G. Maurer states in his testimony that his occupation consists in acting as agent or overseer for his son. The land was estimated in the conveyance at between sixteen and seventeen dollars an acre, which, according to the testimony of all the disinterested witnesses, was less than two-thirds its value. In our opinion the conveyance was fraudulent, and the decree of the District Court must be

AFFIRMED.